CV17 891

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

AZRACK, J.

-------------------------------------------------------------------X   Civil Action No:
MARIA MORALES, DILMA CHAVEZ and
ELIZABETH ALVAREZ,                                                      **COMPLAINT**          LOCKE, M.J.

                Plaintiffs,
   -against-

EQUINOX,

                Defendant.
-------------------------------------------------------------------X

    Plaintiffs MARIA MORALES (hereinafter "MORALES"), DILMA CHAVEZ (hereinafter "CHAVEZ") and ELIZABETH ALVAREZ (hereinafter "ALVAREZ"), by their attorneys, LAW FIRM OF MICHAEL A. CERVINI, as and for their Complaint, allege of their own knowledge and conduct and upon information and belief as to all other matters as follows:

### PRELIMINARY STATEMENT

    1.    Plaintiffs bring this action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §201 *et seq.* in connection with defendant EQUINOX, (hereinafter "Defendant ") violation of its statutory obligations to pay plaintiffs minimum wages and overtime compensation, as a non-exempt employee, for work in excess of 40 hours per week pursuant to 29 U.S.C. §207(a).

    2.    Plaintiffs also bring this action under New York's overtime statute and regulations. More specifically, plaintiffs assert that they are entitled to unpaid minimum wages and unpaid overtime compensation for all work beyond 40 hours per week, at a rate of 1.5 times their regular rate of pay, pursuant to N.Y.L.L. Article 6 §§ 190 *et. seq.*, Article 19, §§ 650 *et. seq.*, and 12 N.Y. Comp. Code R. & Regs. ("N.Y.C.R.R.") §§ 137-1.3, 142-2.2. (Hereinafter "NYWHL").

3. Plaintiffs also bring this action to recover unpaid compensation at the basic minimum hourly wage rate for each hour in which plaintiffs worked over 10 hours in any given day and were not paid by the defendants, in violation of the spread-of-hours provisions of NYWHL and the wage order of the New York Commissioner of Labor codified at N.Y.C.R.R. Title 12 §§ 137-1.7, 137-3.11.

4. Upon information and belief, for at least three (3) years prior to the filing of this Complaint, the defendants have willfully and intentionally committed widespread violations of the above-described federal and state statutes and regulations governing overtime compensation.

5. Plaintiffs are seeking unpaid minimum wages, unpaid overtime compensation; unpaid spread-of-hour compensation; interest, liquidated damages; interest and costs, including reasonable attorney's fees and all other relief pursuant to 29 U.S.C. §216(b) and the NYWHL.

## JURISDICTION AND VENUE

6. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §1331 because this action involves the Fair Labor Standards Act, 29 U.S.C. §201 *et seq.*, a federal statute.

7. Venue is proper in this District under 28 U.S.C. §1391(b) and (c) because a substantial part of the acts or omissions giving rise to this action occurred in this District and defendants and individual defendants are subject to personal jurisdiction in this District.

## THE PARTIES

8. Upon information and belief, at all times hereinafter mentioned, the defendant, EQUINOX, is a licensed domestic corporation organized and existing under the laws of the State of New York.

9. EQUINOX is actively doing business in this State and District and maintains a principal place of business at 90 Northern Boulevard, Greenvale, in the County of Nassau, State of New York.

10. At all times hereinafter mentioned, MORALES was and still is a resident of Nassau County, State of New York, and a former employee of Defendant.

11. At all times hereinafter mentioned, CHAVEZ was and still is a resident of Suffolk

County, State of New York, and a former employee of Defendant.

12. At all times hereinafter mentioned, ALVAREZ was and still is a resident of Suffolk County, State of New York, and a former employee of Defendant.

## FACTUAL ALLEGATIONS

13. Defendant is a privately owned establishment in the business of owning, maintaining, controlling and operating a gymnasium known as EQUINOX.

14. At its premises, Defendant provides an exercise environment, equipped with weights, exercise machines and classes for use by its members.

15. EQUINOX operates and controls an enterprise engaged in commerce, with an annual gross volume of business exceeding $500,000.00.

16. At all times material and relevant herein, the Defendant was the "employer" of the plaintiffs within the meaning of 29 U.S.C. §203(d) and N.Y.L.L. §651(6) and possessed the authority and power to hire or terminate the plaintiffs; control plaintiffs' work schedules and conditions of employment; determined the rate and method of the payment of wages; determined plaintiffs were exempt; determined defendants' overtime policy; determined compensation day policies and kept and/or had unrestricted access to defendants records regarding plaintiffs' employment.

17. Upon information and belief, Defendant never posted a notice explaining the minimum hourly wage and overtime pay rights provided by FLSA in any area of its business facility where plaintiffs were employed, in violation of 29 C.F.R. §516.4.

18. During the applicable statutory period, plaintiffs were paid wages on a weekly basis, but were paid at a rate below the prevailing minimum wage.

19. Plaintiffs were required by Defendant and did regularly work well over 40 hours per week.

20. During the applicable statutory period, plaintiffs were paid wages on a weekly basis, but not paid any overtime compensation by Defendant for work weeks in excess of 40 hours.

21. During the applicable statutory period, plaintiffs were required by Defendant and did regularly work over 10 hours in a day.

22. During the applicable statutory period, Defendant failed to pay plaintiffs compensation of one hour's pay at the basic minimum wage rate, for each hour in a day, in which they worked more than 10 hours.

23. Upon information and belief, at all times material and relevant herein, Defendant failed to keep full and accurate records of plaintiffs' hours and wages, in violation of 29 C.F.R. §516.5, 516.6, NYLL §661, and NYCRR Tit. 12 §472.2.

24. At all relevant times, plaintiffs worked in the manner described above and Defendant encouraged, instructed, and required them to work in this manner.

25. Defendant's wrongful acts and/or omissions/commissions, as alleged herein, were not made in good faith or in conformity with and in reliance on any written administrative regulation, order, ruling, approval, or interpretation by the U.S. Department of Labor and/or the New York Department of Labor, or any administrative practice or enforcement policy of such departments.

26. Defendant's widespread violations of the above described federal and state wage and hour statues and regulations were willful, arbitrary, unreasonable and/or in bad faith.

## FIRST CLAIM FOR RELIEF

### (Claim for Minimum Wage Under the FLSA)

27. Plaintiffs repeat and reallege each and every allegation made in paragraphs "1" through "26" inclusive, as if fully set forth herein.

28. During the applicable statutory period, Defendant failed to pay plaintiffs at the basic prevailing minimum wage rate.

29. Defendant's failure to pay plaintiffs basic prevailing minimum wage violated the Fair Labor Standards Act, 29 U.S.C. §206(a(1).

30. Defendant's failure to pay plaintiffs basic prevailing minimum wage was willful,

arbitrary, unreasonable and/or in bad faith.

31. Because Defendant willfully violated the FLSA, as aforesaid, a three (3) year statute of limitations applies to such violation, pursuant to 29 U.S.C. §255.

32. As a result of the foregoing, plaintiffs were denied minimum wage in such amounts to be determined at trial, and is entitled to recovery of the total unpaid amount, liquidated damages, pre-judgment interest, costs, reasonable attorney's fees and other available relief provided by the FLSA.

## SECOND CLAIM FOR RELIEF

### (Claim for Minimum Wage Under NYWHL)

33. Plaintiffs repeat and reallege each and every allegation made in paragraphs "1" through "32" inclusive, as if fully set forth herein.

34. Defendant's failure to pay plaintiffs basic prevailing minimum wage violated the New York Labor Law, Article 19 ("NYLL") and supporting New York State Department of Labor Regulations, 12 N.Y.C.R.R. §137-1.2.

35. Defendant's failure to pay plaintiffs basic prevailing minimum wage was willful, arbitrary, reasonable and/or in bad faith.

36. As a result of the foregoing, plaintiffs were denied minimum wage in such amounts to be determined at trial, and are entitled to recovery of the total unpaid amount, liquidated damages, pre-judgment interest, costs, reasonable attorney's fees and other available relief provided by NYLL Article 19, §§650 *et. seq.* and 12 N.Y.C.R.R. Part 137.

## THIRD CLAIM FOR RELIEF

### (Claim for Overtime Wage Under the FLSA)

37. Plaintiffs repeat and reallege each and every allegation made in paragraphs "1" through "36" inclusive, as if fully set forth herein.

38. Defendant violated the FLSA by failing to compensate plaintiffs for all overtime wages,

at a rate of 1.5 times regular hourly pay, for each hour of work in excess of 40 hours per week during the applicable statutory period.

39. Defendant's failure to pay plaintiffs overtime compensation was willful, arbitrary, unreasonable and/or in bad faith.

40. Because Defendant willfully violated the FLSA, as aforesaid, a three (3) year statute of limitations applies to such violation, pursuant to 29 U.S.C. §§ 255.

41. As a result of the foregoing, plaintiffs were illegally deprived of overtime compensation earned, in such amounts to be determined at trial, and is entitled to recovery of total unpaid amounts, liquidated damages, pre-judgment interest, costs, reasonable attorney's fees and other compensation pursuant to 29 U.S.C. §§ 216(b).

## FOURTH CLAIM FOR RELIEF

### (Claim for Unpaid Overtime in Violation of NYWHL)

42. Plaintiffs repeat and reallege each and every allegation made in paragraphs "1" through "41" inclusive, as if fully set forth herein.

43. Defendant violated the NYWHL by failing to compensate plaintiffs for all overtime wages, at a rate of 1.5 times regular hourly pay, for each hour of work in excess of 40 hours per week during the applicable statutory period.

44. Defendant's failure to pay plaintiffs overtime compensation was willful, arbitrary, unreasonable and/or in bad faith.

45. As a result of the foregoing, plaintiffs were illegally deprived of overtime compensation earned, in such amounts to be determined at trial, and is entitled to recovery of total unpaid amounts, liquidated damages, pre-judgment interest, costs, reasonable attorney's fees and other compensation pursuant to NYWHL.

## FIFTH CLAIM FOR RELIEF

### (NYWHL Spread of Hours Claims)

46. Plaintiffs repeat and reallege each and every allegation made in paragraphs "1" through "45" inclusive, as if fully set forth herein.

47. During the applicable statutory period, plaintiffs were required by Defendant and did regularly work over 10 hours in a day.

48. Defendant failed to pay plaintiffs additional compensation at the basic minimum hourly wage rate, for hours worked in any given day, in excess of 10 hours, in violation of NYWHL.

49. Defendant's failure to pay spread of hours compensation to plaintiffs, as alleged herein, was willful and intentional.

50. As a result of the foregoing, plaintiffs were illegally deprived of "spread of hours"overtime compensation earned, and is entitled to recovery of such unpaid amounts, together with liquidated damages, pre-judgment interest, costs, reasonable attorney's fees and other compensation pursuant to NYWHL.

### PRAYER FOR RELIEF

WHEREFORE, plaintiffs pray for relief and damages as follows:

1. A judgment that defendant's practices, alleged herein, violate the Minimum Wage provisions of the Fair Labor Standards Act, 29 U.S.C. §206(a(1).

2. A judgment that Defendant's practices, alleged herein, violate the Minimum Wage provisions of New York minimum wage laws, including New York Labor Law §652(1) and (4), and 12 N.Y. Comp. Code R. & Regs. ("NYCRR") §137-1.5.

3. A judgment that Defendant's practices, alleged herein, violate the Overtime Compensation provisions of FLSA, 29 U.S.C. §216(b) and supporting federal regulations.

4. A judgment that Defendant's practices, alleged herein, violate the Overtime Compensation provisions of NYLL Article 6, §§190 *et. seq.* and 12 N.Y.C.R.R. Part 137.

5. A judgment that Defendant's practices, alleged herein, violate the Spread of Hours Compensation provisions of NYLL Article 19, §§650 *et. seq.* and 12 N.Y.C.R.R. Part 137.

6. Judgment for unpaid minimum wages to which plaintiffs are lawfully entitled pursuant to the FLSA, 29 §206(a) (1) and/or N.Y. Labor Law §652(1) and (4), and 12 N.Y. Comp. Code R. & Regs. ("NYCRR") §137-1.5.

7. Judgment for unpaid overtime compensation to which plaintiffs are lawfully entitled pursuant to the Fair Labor Standards Act, 29 U.S.C. §201. *et seq.* and/or N.Y.L.L. Article 6 §§190 *et. seq.*, Article 19, §§650 *et. seq.* and 12 N.Y.C.R.R. Part 137.

8. Judgment for liquidated damages pursuant to the Fair Labor Standards Act, 29 U.S.C. §201, *et. seq.* and N.Y.L.L. Article 6 §§190 *et. seq.*, Article 19, §§650 *et. seq.* and 12 N.Y.C.R.R. Part 137, in an amount equal to the unpaid overtime compensation to which plaintiffs are lawfully entitled.

9. Judgement for pre-judgment interest pursuant to N.Y.L.L. Article 6 §§190 *et. seq.*, Article 19, §§650 *et. seq.* and 12 N.Y.C.R.R. Part 137, in an amount to which plaintiffs are lawfully entitled.

10. Judgement for unpaid spread of hours compensation to which plaintiffs are lawfully entitled.

11. Attorneys fees and interest, in amounts to be determined;

12. Costs of suit, in amounts to be determined; and

13. Such other ad further relief that this Court deems just, equitable and proper.

Dated: Queens, New York
February 8, 2017

LAW OFFICES OF MICHAEL A. CERVINI
By: Michael A. Cervini, Esq.
Attorney for Plaintiffs
40-09 82nd Street
Elmhurst, New York 11373
(718) 779-8910